UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUTHER CARL YOUNG,

    Plaintiff,

    v.                                        CAUSE NO. 3:23-CV-31-DRL-MGG

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

Luther Carl Young, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Young alleges that he was found guilty of a disciplinary offense and assessed restitution in the amount of $100,000.00 without any evidence to support the restation award. The Fourteenth Amendment guarantees prisoners the following procedural due process rights prior to being deprived of a protected interest through a prison disciplinary hearing: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and

correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Campbell v. Miller*, 787 F.2d 217, 222 (7th Cir. 1986). Thus, when an inmate alleges that funds were removed from his account to pay restitution related to a disciplinary offense without any evidence to support the amount of the restitution award, he states a claim pursuant to the due process clause of the Fourteenth Amendment. *See Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) ("Because Tonn adequately alleged that the restitution order was not supported by any evidence, we vacate the dismissal of Tonn's due-process claim[.]"). Because Mr. Young asserts that there is no evidence to support Ms. Smith's order of $100,000.00 in restitution, he may proceed against her on this claim.[1]

Mr. Young also sued Warden Ron Neal. Though he oversees the prison, that does not make him liable for the bad acts of his subordinates. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

---

[1] Mr. Young appears to be challenging only the order of restitution. However, to the extent that Mr. Young intends to challenge the finding of guilt, if he lost good time credit, habeas corpus is his exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . ..").

For these reasons, the court:

(1) GRANTS Luther Carl Young leave to proceed against Ms. Smith in her individual capacity for compensatory damages for assessing restitution in the absence of any evidence, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Smith at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Smith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 5, 2023
*s/ Damon R. Leichty*
Judge, United States District Court